084117.0644(207)　　　　　　　　RMC:lab　　　　　　　　　　No. 397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **211 NORTH GROVE CONDOMINIUM ASSOCIATION, an Illinois not-for-profit corporation, PROPERTY SERVICES NETWORK, LLC, an Illinois limited liability company, and RONALD LAWLESS,** | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Cambridge Mutual Fire Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, 211 North Grove Condominium Association, an Illinois not-for-profit corporation, Property Services Network, LLC, an Illinois limited liability company, and Ronald Lawless, alleges the following:

### JURISDICTION

1.　　The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2.      Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District.

## THE PARTIES

3.      Cambridge Mutual Fire Insurance Company ("Cambridge") is a Massachusetts insurance corporation, which maintains its principal place of business in Andover, Massachusetts, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.      211 North Grove Condominium Association ("the Association") is an Illinois not-for-profit corporation which maintains its principal place of business in Oak Park, Illinois.

5.      Property Services Network, LLC ("PSN") is an Illinois corporation which maintains its principal place of business in Oak Park, Illinois, and which is the property manager for the Association. The Managers of PSN are Nick K. Lambros and Lisa N. Lambros, and each is a resident and citizen of the State of Illinois.

6.      Ronald Lawless ("the Claimant") is the plaintiff against the Association and PSN in a certain action, which action will be more fully described later herein, and who is a nominal but interested party to this declaratory judgment action. Cambridge seeks no relief from the Claimant, who has been joined herein as a defendant solely in order to be bound by the judgment rendered in this cause to the extent he is interested. The Claimant is a citizen of the State of Illinois and a resident of Oak Park, Illinois. If the Claimant

stipulates and agrees to be bound by the judgment to be rendered herein, then Cambridge Mutual will seek to dismiss the action as to the Claimant.

### THE CAMBRIDGE POLICIES

7. Cambridge issued its policy of insurance numbered SBP37035985 to the Association as named insured. The policy provided for Businessowners Liability Insurance for the effective period of November 18, 2021 to November 18, 2022 and renewed thereafter for the period of November 18, 2022 to November 18, 2023. A true and correct copy of the initial Cambridge policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A. A true and correct copy of the Declarations pages of the renewal policy is attached as Pleading Exhibit B, as the content of the renewal policy is the same as Pleading Exhibit A (pages 5 through 111).

### PROVISIONS OF THE CAMBRIDGE POLICIES

8. Each Cambridge policy in its Insuring Agreement provides, in part, as follows:

    **1. Business Liability**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage," "personal injury," or "advertising injury" to which this insurance does not apply. We may at our

        discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)**    The amount we will pay for damages is limited as described in Section **D** – Liability And Medical Expenses Limits Of Insurance; and

    **(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension – Supplementary Payments.

**b.**    This insurance applies:

    **(1)**    To "bodily injury" and "property damage" only if:

        **(a)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

        **(b)**    The "bodily injury" or "property damage" occurs during the policy period.

    **(2)**    To:

        **(a)**    "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

        \*   \*   \*   \*   \*

        But only if the offense was committed in the "coverage territory" during the policy period.

9. Each policy defines certain terms as used in the aforesaid Insuring Agreement as follows:

> "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> \* \* \* \* \*
>
> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \* \* \* \* \*
>
> "Property damage" means:
>
> **a.** Physical injury to tangible property, including all resulting loss of use that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;
>
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> \* \* \* \* \*
>
> "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:
>
> **a.** False arrest, detention or imprisonment;
>
> **b.** Malicious prosecution;
>
> **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;
>
> **d.** Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

      **e.**      Oral or written publication of material that violates a person's right of privacy.

### THE UNDERLYING LITIGATION

10.     The Claimant has filed an action against the Association and PSN in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Cause No. 23 CH 6686. A true and correct copy of the Claimant's Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

11.     The Claimant, the alleged owner of Unit 5B, seeks production of records and documents from the Association, as well as monetary damages, both compensatory and punitive, based on the Association's alleged violation of the Illinois Condominium Property Act, 765 ILCS 605/19 ("the Act"), by its alleged intentional or constructive denial of the request to examine and inspect records under the Act and alleged actual denial of the request to examine and inspect records under the Act, all of which more fully appears in Counts I and II of the Claimant's Complaint, Pleading Exhibit C attached hereto.

12.     The Claimant also seeks damages for the alleged violation by the Association of its bylaws in Count III, as well as damages for alleged breach of fiduciary duty in Count IV, and damages for alleged tortious interference with prospective economic advantage in Count V, as more fully appears in the Claimant's Complaint, Pleading Exhibit C attached hereto.

13. The Claimant seeks damages from the property manager of the Association, PSN, for its alleged violation of the Illinois Condominium Property Act for its refusal or failure to allow access to or provide production of records and documents from the Association, all of which more fully appears in Count VI of the Claimant's Complaint, Pleading Exhibit C attached hereto.

### TENDER OF DEFENSE

14. Cambridge has refused to accept the tender of defense of the Association and refused to accept the tender of defense of PSN, the property manager, for the Claimant's Complaint under the policy issued to the Association for the reasons herein stated.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND THE ASSOCIATION)

15. Cambridge adopts and repeats the allegations of ¶¶ 1 through 14 as and for ¶ 15 hereof as though the same was fully set forth herein.

16. While the Cambridge policies, Pleading Exhibits A and B, extend coverage to an insured for "bodily injury" or "property damage" as defined therein, the claims in the underlying action against the Association by the Claimant do not involve either as caused by an "occurrence" as those terms are defined.

17. While the Cambridge policies, Pleading Exhibits A and B, extend coverage to an insured for "personal injury" and "advertising injury" as defined therein, the claims

7

in the underlying action against the Association by the Claimant do not involve either one as those terms are defined.

18. Cambridge contends that the Association is not entitled to any coverage under the Cambridge policies because of one or more or all of the following reasons:

(a) That the claims of the Claimant do not involve "bodily injury" as defined by each policy of insurance.

(b) That the claims of the Claimant do not involve "property damage" as defined by each policy of insurance.

(c) That the claims of the Claimant do not involve "personal injury" or "advertising injury" as defined by each policy of insurance.

(d) That the claims of the Claimant do not involve an "occurrence" as defined by any Cambridge policy of insurance as only intentional and volitional conduct is alleged.

(e) That the there is no coverage under each policy for a claim for production of records or documents by the Association based on its alleged intentional or other refusal to produce records and documents.

(f) That there is no coverage under each policy for a claim for injunctive relief such as the production of records as requested by the Claimant.

19. The above contentions of Cambridge are, on information and belief, denied by the Association which, in turn, contends that it is entitled to coverage under the Cambridge policy of insurance. Cambridge, in turn, denies the contrary contentions of the Association and each of them.

20. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

**COUNT II**
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND PROPERTY MANAGER)**

21. Cambridge adopts and repeats the allegations of ¶¶ 1 through 14 as and for ¶ 21 hereof as though the same was fully set forth herein.

22. While the Cambridge policies, Pleading Exhibits A and B, extend coverage to an insured for "bodily injury" or "property damage" as defined therein, the claims in the underlying action against PSN by the Claimant do not involve either as caused by an "occurrence" as those terms are defined.

23. While the Cambridge policies, Pleading Exhibits A and B, extend coverage to an insured for "personal injury" and "advertising injury" as defined therein, the claims in the underlying action against PSN by the Claimant do not involve either one as those terms are defined.

24. Cambridge contends that PSN, the property manager, is not entitled to coverage under the Cambridge policies because of one or more or all of the following reasons:

    (a) That the claims of the Claimant do not involve "bodily injury" as defined by each policy of insurance.

    (b) That the claims of the Claimant do not involve "property damage" as defined by each policy of insurance.

    (c) That the claims of the Claimant do not involve "personal injury" or "advertising injury" as defined by each policy of insurance.

    (d) That the claims of the Claimant do not involve an "occurrence" as defined by any Cambridge policy of insurance as only intentional and volitional conduct is alleged.

    (e) That the there is no coverage under each policy for a claim for production of records or documents by the property manager, PSN, based on its alleged intentional or other refusal to produce records and documents.

    (f) That there is no coverage under each policy for a claim for injunctive relief such as the production of records as requested by the Claimant.

25. The above contentions of Cambridge are, on information and belief, denied by PSN which, in turn, contends that it is entitled to coverage under the Cambridge policies of insurance. Cambridge, in turn, denies the contrary contentions of PSN and each of them.

26. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order

of this Court. Pursuant to the terms of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE,** the Plaintiff, Cambridge Mutual Fire Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to 211 North Grove Condominium Association for the action filed by Ronald Lawless against it in the Circuit Court of Cook County, Illinois, under Cause No. 23 CH 6686 under its policies of insurance.

B. That the Court grant Cambridge Mutual Fire Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Cambridge Mutual Fire Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A.  That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Property Services Network, LLC for the action filed by Ronald Lawless against it in the Circuit Court of Cook County, Illinois, under Cause No. 23 CH 6686 under its policies of insurance.

B.  That the Court grant Cambridge Mutual Fire Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.  That Cambridge Mutual Fire Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor

Respectfully submitted:

/s/ *Robert Marc Chemers*
Robert Marc Chemers
Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
Telephone:   (312) 578-7548
Fax:               (312) 346-8242
E-Mail:   rchemers@pretzelstouffer.com
*Attorneys for Plaintiff*